McKinney, J.,
delivered the* opinion of the Court.
This was an action of assumpsit. There are several counts in the declaration, for money paid, laid out and expended by the plaintiff’s testator, and likewise by the plaintiffs in their representative character, to and for the use of the defendant’s intestate, and to and for the use of the defendants in their representative character.
Judgment was rendered for the defendants in the Court below, and the case is brought here by an appeal in error on behalf of the plaintiffs. The facts necessary to present the question involved in the case, *445 ai’e as follows : The defendant’s intestate Thomas L, Darnall, was the son-in-law of John Upchurch, the plaintiff’s testator. Darnall had become embarrassed in his pecuniary affairs; a negro boy belonging to him, named Doctor, had been levied on, and was about to be sold at execution sale. On the day preceding that fixed for the sale of said slave (which was on the -- day of August, 1843.) Upchurch and Darnall called on J. H. Williams, and Upchurch applied to him to borrow $300.00, for the purpose of purchasing said slave at the sale. On the next day Williams loaned and advanced to Upchurch three hundred dollars, for which the latter executed his note with one Porter, as security. The slave was sold by the sheriff, and Upchurch became the purchaser, and a bill of sale was executed to him by the sheriff. But it was distinctly agreed between Upchurch and Darnall, that the purchase of the slave by the former was for the benefit of the latter ; that the legal title to the slave should remain in Upchurch, for his indemnity, until Darnall paid the money either to Williams or Upchurch; and, upon this being done, he was to have the slave back again as his absolute property. Darnall died in the fall of 1852. Prior to his death he paid Williams about the sum of $100, which was credited on the note of Upchurch. In the latter part of the year 1854, Upchurch also died; and afterwards Williams recovered judgment against the plaintiffs as his executors, for the balance remaining due upon said notes, and on the 14th of May, 1855, the executors paid in satisfaction of said judgment $393.45. It appears that the possession of the slave *446 was never changed, but continued with Darnall during his life, and with his family after his death. It further appears, that • Upchurch by his last will and testament, which was made after the death of Darnall, gave and bequeathed the slave, Doctor, to three of his grand children, sons of Thomas L. Darnall.
This suit is brought to recover from the administrator of Darnall, the above mentioned sum of $393.45, paid by the executors of Upchurch to Williams; and the question is, whether upon the foregoing facts, they are entitled to a recovery? We are of opinion, that in no aspect of the case can the action be maintained.
By the execution sale, Darnall was divested of all title to the slave; and by the purchase with his own money, Upchurch became vested with the title. True, a parol trust, was by the agreement between the parties, created in favor of Darnall, which might have been enforced in equity; but upon the failure or refusal of Darnall to avail himself of the benefit of the trust thus created, the title to the slave remained absolute in Upchurch. The title to the slave was the only means Upchurch had of reimbursing himself the amount expended in the purchase, and in divesting himself of the title, by his own voluntary act, he divested himself of all right as well as all remedy to recover the money paid for said slave.
But again, regarding the transaction as a mortgage or pledge, it is clear there can be nd recovery. By assuming to make an absolute disposition of the slave, as his own property, no matter how, or to whom, he was guilty of a conversion. By his own wrongful act, he disabled himself from restoring the slave to the *447 mortgagor, and thereby precluded himself from all right to demand payment of the money secured by the mortgage. It makes no difference in the principle governing the case, that Upchurch made a gift of the slave to some of the children of the mortgagor; so far as respects the right of recovery in the present action, he might as well have sold the slave to a stranger for a valuable consideration. It is not important to enquire, for the determination of this case, what interest in the slave the legatees took under said will, further than to remark, that by the will, the inter est of the testator, whatever may have been its nature or extent, was transmitted to them; and this is sufficient to exclude all right on the part of the plaintiff. Other views of the case might be presented, but it is unnecessary to spend time in doing so. The judgment will be affirmed.